**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALLISON THEYS, VICTORIA GRIVETTI, JULIE BELL, MARIA ROUNDTREE, and EQUILA JACKSON**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DENTAL INTELLIGENCE, INC., DENTAL EXPERTS, LLC D/B/A DENTAL DREAMS, and FAMILIA DENTAL, LLC.**,<br><br>Defendants. | Civil Action No. 1:25-cv-02464<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Judge Beth Jantz |

## DEFENDANT DENTAL DREAMS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Dental Experts, LLC d/b/a Dental Dreams ("Dental Dreams"), through its attorneys, moves to dismiss Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Counsel for the parties conferred regarding this motion, but were unable to agree on a resolution.[1]

Plaintiffs had the benefit of Dental Dreams' first Motion to Dismiss (ECF Nos. 44–45) to identify and cure the deficiencies with their original Complaint. Plaintiffs failed to do so in their Amended Complaint. Instead, Plaintiffs' minimal revisions to the Amended Complaint only further distance Dental Dreams from any liability. Plaintiffs' Amended Complaint continues to allege injuries that arise out of their alleged use of a tool designed, owned, and operated by Dental Intelligence, *not* Dental Dreams. The Amended Complaint is still devoid of any well-pled

[1] This Court's Standing Orders require that the parties include an agreed briefing schedule. However, this Court has already set a briefing schedule for Defendants' Motion to Dismiss. *See* ECF No. 56.

allegations that Dental Dreams had knowledge of the deployment of Google Analytics on LocalMed, instructed Dental Intelligence to implement Google Analytics, or benefited from Google Analytics. That Plaintiffs added a *fourth* defendant while continuing to rely on improper group pleading only serves to underscore the fact that Plaintiffs cannot make any of the necessary allegations as to Dental Dreams. Moreover, even if Plaintiffs could make those allegations, they would fail to support Plaintiffs' claims against Dental Dreams.

Moreover, having had an opportunity to once amend their Complaint – and with the benefit of Defendants' motions to dismiss – the claims against Dental Dreams should now be dismissed with prejudice as it is clear that there are no plausible set of facts that would support a claim as to Dental Dreams.

For these reasons, and those additional reasons described in the contemporaneously filed Memorandum, the Declaration of David Wolle, and the Omnibus Motion to Dismiss and Memorandum in Support (ECF Nos. 59–60), Dental Dreams respectfully requests that the claims against it be dismissed with prejudice and that the request for punitive damages be stricken.

Dated: August 29, 2025

Respectfully submitted,

*/s/ David P. Saunders*

David P. Saunders (6293694)
Daniel R. Campbell (6312473)
McDermott Will & Schulte, LLP
444 W. Lake Street
Chicago, IL 60606
Tel: (312) 372-2000
dsaunders@mwe.com
dcampbell@mwe.com

*Attorneys for*
*Dental Experts, LLC d/b/a Dental Dreams*

**CERTIFICATE OF SERVICE**

I, David Saunders, an attorney, certify that on August 29, 2025, I filed and served the foregoing motion on all counsel of record by filing the same through the Court's CM/ECF system.

By: *_/s/ David P. Saunders*

David P. Saunders