**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Allison Theys, et al.

Plaintiff,

v.

Case No.: 1:25−cv−02464
Honorable Lindsay C. Jenkins

Dental Intelligence, Inc., et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 6, 2026:

MINUTE entry before the Honorable Lindsay C. Jenkins: The motions to dismiss [59] [64] [73] are granted in part and denied in part. See the attached order for further details. In sum, Theys's claims against Dental Dreams are dismissed with prejudice, as are Grivetti, Bell, Jackson, and Roundtree's claims against Familia Dental and Familia Dental West Green Bay. The court also dismisses Theys and Roundtree's claims against Dental Intelligence for lack of personal jurisdiction. Theys's Wisconsin common law invasion of privacy claim (Count I) against Defendants Familia Dental and Familia Dental West Green Bay; Theys and Roundtree's negligence claims under Wisconsin and Maryland law (Count II) against the Clinic Defendants; the breach of implied contract claim (Count III); and Grivetti, Bell, and Jackson's unjust enrichment claims under Illinois law (Count IV) against Dental Intelligence and Dental Dreams are dismissed without prejudice. The claims the survive are as follows: 1. Theys's Wisconsin unjust enrichment claim (Count IV), her ECPA claim (Count V), and her Wisconsin Wiretap Act claim (Count VI) against Familia Dental and Familia Dental West Green Bay. 2. Grivetti, Bell, and Jackson's Illinois common law invasion of privacy claim (Count I), their Illinois negligence claim (Count II), and their ECPA claim (Count V) against Dental Intelligence and Dental Dreams. 3. Roundtree's Maryland common law invasion of privacy claim (Count I), her Maryland unjust enrichment claim (Count IV), her ECPA claim (Count V) and her Maryland Wiretapping and Electronic Surveillance Act claim (Count VII) against Dental Dreams. A Plaintiff ordinarily receives at least one chance to fix deficiencies through an amendment. See Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022). If Plaintiffs elect to file a first amended complaint to fix those deficiencies that can be corrected consistent with Rule 11, it must be filed by March 27, 2026. The court advises that no claim remains that connects all plaintiffs with all defendants, any single plaintiff with all defendants, or any single defendant with all plaintiffs. Any amendment should bear in mind Rule 20 joinder principles, and the possibility that the court may invite a motion to sever under Rule 21. Lastly, the parties are to update the court through a joint status report about the close of fact discovery (including a proposed close date) and the feasibility of a proposed class certification briefing schedule by April 3, 2026 (instead of March 13, 2026). Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.