# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between Dental Intelligence, Inc. ("Dental Intelligence" or "Defendant"), and Victoria Grivetti, Julie Bell and Equila Jackson ("Plaintiffs" or "Settlement Class Representatives," and together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below), by and through their respective counsel, subject to preliminary and final Court approval.

This Settlement Agreement and Release, and Exhibits **"A"** through **"F"** attached hereto, are collectively referred to herein as the "Agreement" or the "Settlement Agreement."

## I. RECITALS

1. Dental Intelligence is a software company that provides practice management software to dental offices across the United States. As part of its software suite, Dental Intelligence offered an appointment scheduling software (the "LocalMed Portal") that its clients installed directly onto their practice websites, allowing their patients to schedule, modify, and cancel appointments online.

2. On March 7, 2025, Plaintiffs filed a class action complaint captioned *Theys et al. v. Dental Intelligence, Inc., et al.*, Case No. 1:25-cv-02464 in the United States District Court for the Northern District of Illinois (the "Action") against Dental Intelligence and two of its client-dental offices.

3. Plaintiffs alleged that certain technologies used on the LocalMed Portal ("Tracking Tools") collected information provided by patients while scheduling appointments with their dental providers and transmitted it to Google without the patients' consent.

4. In light of the risks, uncertainties, burden, and expense of continued litigation, the Parties agreed to engage in informal discovery and good-faith, arm's-length settlement negotiations, including a full-day mediation session before an experienced mediator, Marc E. Isserles, on July 7, 2026 to attempt to settle the Action.

5. The Parties reached agreement to terms now consummated in this Agreement, which is intended to bind the Settlement Class Representatives, Dental Intelligence, and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement pursuant to ¶ 39, *infra*.

6. Defendant has denied, and continues to deny, each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted, or which could have been asserted, in this Action. Defendant denies that it is liable in any way because of the Tracking Tools used on the LocalMed Portal, and Defendant denies that Settlement Class Members are entitled to any relief for the claims alleged by Plaintiffs.

7. Plaintiffs and Settlement Class Counsel, on behalf of the Settlement Class, have concluded—based upon their pre-suit investigation, informal discovery for settlement purposes, and taking into account the contested issues involved, the expense and time necessary to prosecute

the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement—that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class. Based on those considerations, Plaintiffs and Settlement Class Counsel have made the informed decision that the Settlement—as set forth herein—confers substantial, tangible benefits upon the Settlement Class.

8. The Settlement Agreement is intended to fully, finally, and forever resolve all claims and causes of action asserted and all claims and causes of actions that could have been asserted in this Action arising out of or in any way related to the allegations or subject matter of the Complaint and/or Action that were or could have been brought by or on behalf of the Plaintiffs and/or Settlement Class Members against Defendant and/or the Released Parties.

9. The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that, subject to the approval of the Court as provided for in this Agreement, the Action, all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint, the Action, and the alleged unauthorized disclosure of Settlement Class Members' information by Dental Intelligence shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Action be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval, on the terms and conditions set forth in this Agreement.

## II. DEFINITIONS

10. In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout:

a. **"Action"** means the lawsuit originally captioned *Allison Theys et al. v. Dental Intelligence, Inc., et al.* (now *Victoria Grivetti et al. v. Dental Intelligence, Inc.*), Case No. 1:25-cv-02464, pending in the United States District Court for the Northern District of Illinois.

b. **"Agreement"** or **"Settlement Agreement"** means this settlement agreement, including all exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

c. **"Alternative Judgment"** means an order and final judgment in a form other than that provided for in the **"Final Approval Order"** and **"Final Judgment"** definitions set forth below that has the consent of the Parties.

d. **"Attorneys' Fees and Expenses Award"** means the amount awarded by the Court to be paid to Settlement Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Settlement Class Counsel's claim or request for payment of reasonable attorneys' fees, as well as the costs and expenses incurred by Settlement Class Counsel in connection with commencing, prosecuting, mediating, and settling the Action, and obtaining a Final Approval Order and Judgment.

e. **"Claim Deadline"** means the last Day for Settlement Class Members to submit a timely Claim Form, which is ninety (90) Days after the Notice Commencement Date.

f. **"Claim Form"** and **"Claim"** mean the form that Settlement Class Members must submit by the Claim Deadline to be eligible for monetary relief under the terms of the Settlement, substantially in the form attached hereto as **Exhibit A** and which may be modified by agreement of the Parties to meet the requirements of the Settlement Administrator.

g. **"Class List"** shall mean a list provided by Defendant of the names, and phone numbers and/or e-mail addresses known to Defendant for the Settlement Class Members.

h. **"Class Notice"** and **"Notice"** means the notice of this Settlement, which shall include the Long-Form Notice and Short-Form Notice, substantially in the form attached hereto as **Exhibits B and C**, respectively.

i. The **"Complaint"** means the operative Second Amended Complaint filed in the Action on March 27, 2026 at Dkt. 90.

j. **"Court"** means the United States District Court for the Northern District of Illinois.

k. **"Day(s)"** means calendar days, inclusive of weekends and holidays, and not including the day of the act, event, or default from which the designated period of time begins to run. Further, and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

l. **"Defendant"** and **"Dental Intelligence"** means Dental Intelligence, Inc.

m. **"Defendant's Counsel"** means David Yohai, David Singh, and Blake Steinberg of Weil, Gotshal & Manges LLP.

n. **"Effective Date"** or the date upon which this Settlement becomes "effective," means seven days after which all of the following events have occurred:

i. the Settlement Agreement has been executed by the Parties;

ii. the Preliminary Approval Order has been entered;

iii. the Final Order and Final Judgment or an Alternative Judgment have been entered; and

iv. if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, or the Alternative Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

v. if reconsideration and/or appellate review is sought from the Final Order and Final Judgment or the Alternative Judgment: (a) the date on which the Final Order and Final Judgment or the Alternative Judgment are affirmed and are no longer subject to judicial review, or (b) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment or the Alternative Judgment are no longer subject to judicial review.

o. **"Final Approval"** means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of the Service Awards to be awarded to the Settlement Class Representatives, as well as the amount of any Attorneys' Fees and Expenses Award granted to Settlement Class Counsel (as described in § XI, *infra*). In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

p. **"Final Approval Hearing"** means the hearing at which the Court will determine whether the Settlement should be given final approval pursuant to Federal Rule of Civil Procedure 23 and whether any Attorneys' Fees and Expenses Award and Settlement Class Representative Service Awards should be approved.

q. **"Final Approval Order"** and **"Final Judgment"** mean an order and judgment that the Court enters after the Final Approval Hearing which, among other things, finally approves the Settlement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects. The Parties' proposed Final Approval Order is attached to this Agreement as **Exhibit F**.

r. **"LocalMed Portal"** means the scheduling software offered by Dental Intelligence, Inc. that Settlement Class Members used to schedule, modify, and/or cancel dental appointments, as described in the operative Complaint in the Action.

s. **"Long-Form Notice"** means the long form notice of settlement, substantially in the form of the document attached hereto as **Exhibit B**.

t. "**Net Settlement Fund**" means the Settlement Fund after deducting (i) all Settlement Administration and Notice Costs; (ii) all litigation expenses; and (iii) any Service Awards approved and awarded by the Court.

u. **"Notice Commencement Date"** means the date by which the Notice is disseminated by the Settlement Administrator under this Agreement, and which is thirty (30) Days after entry of the Preliminary Approval Order.

v. **"Notice Program"** means the plans and methods for the dissemination of the Notice provided for and agreed to in § VI of this Agreement.

w. **"Objection Deadline"** means the last Day on which a Settlement Class Member may file an objection to the Settlement or Fee Application, which will be sixty (60) Days after the Notice Commencement Date.

x. **"Opt-Out Deadline"** means the last Day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) Days after the Notice Commencement Date.

y. **"Preliminary Approval Order"** means the order preliminarily approving the Settlement and proposed Notice and Notice Program, in a form substantially similar to the proposed Preliminary Approval Order attached to this Agreement as **Exhibit E**.

z. "**Personal Dental Information"** means the information that Settlement Class Members allegedly shared with Dental Intelligence and their dental providers through the LocalMed Portal that Plaintiffs allege was unlawfully disclosed to unauthorized third parties.

aa. **"Released Parties"** means Defendant and every entity that contracted or otherwise had a legal relationship with Dental Intelligence to deploy the LocalMed Portal on its web properties and/or allegedly collected information from any Settlement Class Member through the LocalMed Portal, and each of their present and former parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, licensees, licensors, customers, associates, heirs, executors, estates, administrators, independent contractors, consultants, their

present and former directors, managing directors, officers, partners, employees, employers, agents, principals, members, managers, attorneys, accountants, financial and other advisors, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, firms, trusts, insurers, underwriters, subrogees, and corporations.

bb. **"Releasing Parties"** means the Plaintiffs, the Settlement Class Representatives and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement pursuant to ¶ 38, *infra*, and each of their respective heirs, executors, estates, administrators, predecessors, assigns, beneficiaries, successors, associates, employers, employees, agents, consultants, independent contractors, insurers, partners, attorneys, accountants, financial and other advisors, underwriters, lenders, auditors, investment advisors, legal representatives, successors in interest, firms, and trusts.

cc. **"Request for Exclusion"** is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

dd. "**Residual Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and after all settlement payments to Settlement Class Members. Often in class action settlements, some number of class members who submit valid claims and are then issued Settlement Payments fail to cash or deposit their settlement payments. The funds remaining in the Settlement Fund after Settlement Payments have been distributed and the time for cashing and/or depositing such payments has expired will be Residual Funds. The Residual Funds will be sent to a 501(c)(3) charitable organization to be agreed upon by the Parties and approved by the Court.

ee. **"Service Awards"** means compensation requested by the Settlement Class Representatives, which shall not exceed five thousand dollars ($5,000.00) per Settlement Class Representative, and awarded by the Court in recognition of their role in this litigation.

ff. "**Settlement**" means the settlement reflected by this Settlement Agreement.

gg. **"Settlement Administrator"** means Simpluris, a company experienced in administering class action notice and claims generally and specifically those of the type provided for and made in data privacy litigation who was selected by Settlement Class Counsel following a competitive bidding process with Defendant's Consent.

hh. **"Settlement Administration and Notice Costs"** means all charges or costs invoiced or charged by the Settlement Administrator, including those arising

from implementation of the Notice Program, dissemination of the Notice and administration of the claims and Settlement, and issuing CAFA Notice, that the Parties agree were reasonably incurred by the Settlement Administrator in carrying out the duties described in the Settlement Agreement, with such agreement not to be unreasonably withheld.

ii. **"Settlement Class"** means all natural persons in the United States who used the LocalMed Portal to schedule, modify, or re-schedule an appointment between March 2022 and June 2025 and whose Personal Dental Information was allegedly disclosed or transmitted to a third party as set forth in the Complaint. The Settlement Class does not include every individual who used the LocalMed Portal during the operative time period but rather includes only individuals who may have used specific configurations of the LocalMed Portal. The Settlement Class further excludes: (i) the Released Parties; and (ii) the Court, Court personnel, and members of their immediate families. Dental Intelligence has provided Plaintiffs' Counsel with documentation showing that there are 1,079,483 Settlement Class Members.

jj. **"Settlement Class Counsel"** means Tyler J. Bean and Sonjay Singh of the law firm of Siri & Glimstad LLP.

kk. **"Settlement Class Members"** means all persons who are members of the Settlement Class.

ll. **"Settlement Class Representatives"** and **"Plaintiffs"** mean Victoria Grivetti, Julie Bell, and Equila Jackson.

mm. **"Settlement Fund"** means the non-reversionary sum of five million seven hundred and fifty thousand dollars and zero cents ($5,750,000), to be paid by Defendant as specified in this Agreement and to be used, along with any interest accrued thereon after payment by Defendant, for distribution as the only source of payment for all costs of the Settlement.

nn. **"Settlement Website"** means the online website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but in any event prior to sending the Short-Form Notice to any Settlement Class Member, as a means for Settlement Class Members to obtain notice of, and information about the Settlement, and for filing a claim to recover from the Settlement.

oo. **"Short-Form Notice"** means the summary form notice of settlement, substantially in the form of the document attached to this Agreement as **Exhibit C**.

pp. **"Text Message Notice"** means the form notice of settlement to be delivered via text message, substantially in the form of the document attached to this Agreement as **Exhibit D**.

qq. **"Valid Claim"** means a Claim found to be valid by the Settlement Administrator.

## III. SETTLEMENT CLASS

11. For settlement purposes only, the Parties agree that the Court should certify the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12. If the Settlement Agreement, for any reason, is not finally approved or is otherwise terminated, the Parties will seek in good faith to revise the Agreement as needed to obtain Court approval, provided, however, that no party may use subsequent legal developments or other intervening events, other than the decision(s) denying or reversing approval of the Agreement, as justification for renegotiating the Settlement. Failing this, the Parties will be restored to their respective places in the Action. At that point, Defendant reserves the right to assert any and all objections and defenses to certification of a class, and neither the Settlement Agreement nor any Order or other action relating to the Settlement Agreement shall be offered by any person as evidence in support of a motion to certify a class or for a purpose other than settlement.

13. For settlement purposes only, Plaintiffs will seek their appointment as the Settlement Class Representatives, and the appointment of their counsel, Tyler J. Bean and Sonjay Singh of Siri & Glimstad LLP, as Settlement Class Counsel. Plaintiffs will move for certification of the Settlement Class contemporaneously with their Motion for Preliminary Approval of the Settlement. Defendant agrees not to contest certification of the Settlement Class pursuant to the terms of this Settlement Agreement.

## IV. SETTLEMENT CONSIDERATION, BENEFITS, AND PROCEDURE

14. Settlement Consideration. Defendant agrees to make payment of five million seven hundred and fifty thousand dollars and zero cents ($5,750,000.00) as the total Settlement Fund. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed five million and seven hundred and fifty thousand dollars and zero cents ($5,750,000.00). Defendant does not make and has not made any representations regarding the taxability of the Settlement Fund or of any payments made to any party pursuant to this Agreement, including payments to Settlement Class Members, Settlement Class Representatives, Settlement Class Counsel, or the Settlement Administrator from the Settlement Fund. The Settlement Fund shall be deposited in an appropriate separate qualified settlement fund interest-bearing escrow account (the "Escrow Account") established and maintained by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation or a federally insured credit union insured by the National Credit Union Insurance Fund. The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned (including any unused portion of the deposit) to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled. The money in the Escrow Account shall be invested in the following

types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less, with any interest accruing to the benefit of the class. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

15. Timing of Payment. Before the later of thirty (30) Days after the Court enters a Preliminary Approval Order or thirty (30) Days after Defendant's receipt of completed Form W-9s for each Plaintiff and Settlement Class Counsel, as well as payment instructions from the Settlement Administrator, Defendant shall deposit four hundred thousand dollars and zero cents ($400,000.00) into the Settlement Fund account for the purpose of funding the Settlement Administration and Notice Costs. To the extent that any portion of those funds are not required to fund Settlement Administration and Notice Costs, the Settlement Administrator shall hold such portion for the purpose of funding payment for Valid Claims. Within fourteen (14) Days after the Effective Date, Defendant shall deposit the remaining five million and three hundred and fifty thousand dollars and zero cents ($5,350,000.00) into the Settlement Fund. If the Settlement does not receive final, complete, and non-appealable court approval, Defendant shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Plaintiffs or the Settlement Class Members, any attorneys' fees or expenses to Settlement Class Counsel, or any Service Awards to the Plaintiffs. However, in the event that the Court decides not to approve the Settlement, any amount deposited into the Settlement Fund and duly owed for the Settlement Administration and Notice Costs accrued prior to such a finding will not be recoverable by Defendant.

16. Non-Reversion. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished.

17. Settlement Benefits. All Settlement Class Members who submit a valid, complete, and timely Claim Form in a form substantially similar to that attached as **Exhibit A** to this Settlement Agreement will receive a *pro rata* monetary payment from the Settlement Fund after deduction of all Settlement Administration and Notice Costs, and any Service Awards and Attorneys' Fees and Expenses Award approved by the Court.

18. Submission of Electronic and Hard Copy Claims. Settlement Class Members may submit Claim Forms electronically via the Settlement Website or physically, by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked on or before the Claim Deadline to be valid.

19. Assessment of Claims. The Settlement Administrator shall:

a. In its discretion, to be reasonably exercised, determine whether each person who submits a Claim Form is a Settlement Class Member with a valid Claim using the Class List and the Claim Form submitted by the person;

b. Reject any claim that does not comply in any material respect with the instructions on the Claim Form, or is submitted after the Claim Deadline;

c. Be authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted Claim prior to making a determination as to its validity;

d. Use best practices to determine the validity or invalidity of any Claim made by any Settlement Class Member and employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud; and

e. Be permitted to consult with Settlement Class Counsel and Defendant's Counsel in assessing any aspect of the validity of a Claim.

20. Time to Cure Incomplete Claims. If, in the determination of the Settlement Administrator, a Settlement Class Member submits a timely but incomplete Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty (20) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Settlement Class Counsel. If the defect is not cured within the 20-Day period, then the Claim will be deemed invalid.

21. Business Practice Changes. Dental Intelligence removed the Google tracking technology identified in the Complaint from the LocalMed Portal and thereafter decommissioned and took the LocalMed Portal offline. Dental Intelligence will provide supporting documentation and Settlement Class Counsel will verify this representation prior to Settlement Class Counsel filing their Motion for Final Approval.

22. Timing of Settlement Payments. Payments for Valid Claims shall be issued in the form of a check mailed ("Settlement Check") and/or an electronic payment (e.g., Venmo, PayPal, Pre-Paid Electronic Credit Card, etc.) as soon as practicable after the Settlement Administrator receives full and final payment from Defendant. Settlement Checks shall bear in the legend that they expire if not cashed within one hundred and twenty (120) Days of their date of issue and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time. Upon request of a Settlement Class Member, the Settlement Administrator may reissue a Settlement Check for up to an additional sixty (60)-Day period following the original one hundred and twenty (120)-Day period. Any Settlement Checks reissued to Settlement Class Members shall remain valid for sixty (60) Days following the original one hundred and twenty (120)-Day period and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

23. Re-Payment.

a. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make a reasonable attempt to locate a valid address and resend the Settlement Check within thirty (30)

Days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Settlement Class Members shall remain valid for ninety (90) Days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

b. For any electronic payment unable to be delivered, the Settlement Administrator shall make a reasonable attempt to correct any information provided that prevented delivery of that payment, and resend the payment within thirty (30) Days after the initial attempted payment fails. If the Settlement Administrator is unable to thereafter make the electronic payment, or if the second attempt fails, then if the Settlement Class Member has provided a valid physical address, the Settlement Administrator shall issue a Settlement Check to that person to be mailed to their address. In attempting to make the payment again or locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated information. Any replacement Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for ninety (90) Days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

24. Deceased Class Members. If the Settlement Administrator is notified within one hundred and twenty (120) Days of issuing payment for a Claim that the Settlement Class Member who submitted the Claim is deceased, the Settlement Administrator is authorized to reissue the payment to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Settlement Class Counsel and Defendant's Counsel. Any replacement Settlement Checks issued to the Settlement Class Member's estate shall remain valid for sixty (60) Days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time.

25. Tax Obligations. Any tax determinations and obligations arising from a payment made by the Settlement Administrator to a Settlement Class Member or a Settlement Class Representative pursuant to this Agreement shall be the exclusive responsibility of the Settlement Class Member or Settlement Class Representative, respectively. Any tax determinations and obligations arising from a payment made by the Settlement Administrator to Settlement Class Counsel pursuant to this Agreement shall be the exclusive responsibility of Settlement Class Counsel. Settlement Class Counsel shall provide the Settlement Administrator with a completed Form W-9. The Settlement Administrator shall be responsible for issuing all required tax documents and performing all tax related reporting to taxing authorities in connection with payments to Settlement Class Members, Settlement Class Representatives, Settlement Class Counsel, or the Settlement Administrator from the Settlement Fund.

26. Disposition of Residual Funds. To the extent any monies remain in the Settlement Fund more than one-hundred and twenty (120) Days after the Settlement Administrator issues the last Settlement Check or makes the last electronic payment to a Settlement Class Member, a *cy*

*pres* distribution of the Residual Funds shall be made to the charitable organization agreed upon by the Parties and approved by the Court.

## V. SETTLEMENT ADMINISTRATION

27. The Settlement Administrator shall perform the functions specified for the Settlement Administrator in this Agreement, including, but not limited to, overseeing administration of the Settlement Fund; providing Notice to Settlement Class Members as described in § VI of this Agreement; implementing the Notice Program; establishing and operating the Settlement Website and toll-free number; administering the Claims processes; and distributing payments according to this Agreement. By written agreement, the Parties may modify any non-material terms relating to the Notice Program to ensure a fair and effective Notice and administration process for Settlement Class Members.

28. Settlement Class Counsel and Defendant have the right to review and obtain reports and supporting documentation from the Settlement Administrator regarding the Notice Program and process for administering Claims, and challenge such reports and documentation if they believe them to be inaccurate or inadequate.

29. All Settlement Class Members who fail to submit a valid and timely Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and any Final Judgment or Alternative Judgment.

30. All Settlement Administration and Notice Costs shall be paid from the Settlement Fund.

31. No person shall have any claim against the Settlement Administrator, Released Parties, Settlement Class Counsel, Defendant, Defendant's Counsel, and/or the Settlement Class Representatives based on distributions of benefits to Settlement Class Members.

## VI. NOTICE, OPT-OUTS, AND OBJECTIONS

32. Within ten (10) Days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class List, which will include the name of each Settlement Class Member and any phone number and/or e-mail address pertaining to each Settlement Class Member in its possession. The Class List shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. The Settlement Administrator shall not reproduce, copy, store, or distribute the Class List in any manner.

a. The Settlement Administrator shall send the Short-Form Notice via e-mail to all Settlement Class Members for whom an e-mail address is available on the Class List. With regard to any Short-Form Notices sent by e-mail that are returned

undeliverable, the Settlement Administrator shall use reasonable efforts to correct any issues that may have caused an e-mail "bounce-back" to occur and make a second attempt to re-send the notice via e-mail. In the event that sending the Short-Form Notice via e-mail still fails, the Settlement Administrator will attempt to send the Text Message Notice to the telephone number associated with the e-mail address for which notice via e-mail failed. If sending the Text Message Notice fails, the Settlement Administrator will run those telephone numbers through a reverse telephone search to locate associated names and mailing addresses and then use that information to send the Short-Form Notice via U.S. Mail to the extent an address is identified. For any Short-Form Notices sent by U.S. Mail that are returned as undeliverable, the Settlement Administrator shall use reasonable efforts to re-attempt delivery one more time.

b. On or before the Notice Commencement Date, the Long-Form Notice will be published on the Settlement Website, as specified in the Preliminary Approval Order.

c. The Internet URL address of the Settlement Website will be provided in the Long-Form Notice and the Short-Form Notice.

33. Notice of the Settlement to the Settlement Class Members shall comply with the laws of Illinois and the United States, the Constitution of the United States, and any other applicable law, including but not limited to, the Due Process Clause of the United States Constitution.

34. Notice of the Settlement shall be provided to Settlement Class Members pursuant to the methods set forth herein and/or as ordered by the Court.

35. Prior to sending the Short-Form Notice to Settlement Class Members, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Agreement; their rights, dates and deadlines and related information, including periodic updates, a list of important dates, hyperlinked access to this Agreement, the Long-Form Notice and Short-Form Notice, any motion seeking Final Approval of this Agreement, any application for an award of Attorneys' Fees and Expenses and Service Awards, the Preliminary Approval Order, the Claim Form, the Complaint, and such other documents as Settlement Class Counsel and Defendant agree to post or that the Court orders posted on the Settlement Website. The Settlement Website shall also include a toll-free number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website, e-mail address, and mail address, shall remain operational until at least seven (7) days following the last day that any checks issued remain valid, after which time the Settlement Administrator shall disable the Settlement Website. The Settlement Website shall also make the Claim Form available for download.

36. The Long-Form Notice shall be in a form substantially similar to the document attached to this Agreement as **Exhibit B** and shall comport with the following:

a. *General Terms*: The Long-Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Settlement Class; the identity of Settlement Class Members; how the proposed Settlement would provide relief to Settlement Class Members; the date and location of the Final Approval Hearing; the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information; what claims are released under the proposed Settlement; and other relevant information.

b. *Opt-Out Rights*: The Long-Form Notice shall inform Settlement Class Members that they have the right to opt-out of the Settlement. The Long-Form Notice shall provide the deadlines and procedures for exercising this right.

c. *Objection to Settlement*: The Long-Form Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and appear at the Final Approval Hearing. The Long-Form Notice shall provide the deadlines and procedures for exercising these rights.

d. *Fees and Expenses*: The Long-Form Notice shall inform Settlement Class Members of the maximum amounts to be sought by Settlement Class Counsel as an Attorneys' Fees and Expenses Award and the individual Service Awards to Plaintiffs.

e. *Claim Form*: The Long-Form Notice shall describe the Claim Form and shall inform the Settlement Class Members (i) of the *pro rata* payment that will be issued to any Settlement Class Member who submits a Valid Claim; and (ii) that in order to claim any payment pursuant to the Settlement, the Settlement Class Member must fully complete and timely submit the Claim Form prior to the Claim Deadline.

37. The Settlement Administrator shall make available an Interactive Voice Response ("IVR") phone line with a script where Settlement Class Members can obtain information regarding the Settlement and leave a message to receive a call back from the administrator during regular business hours.

38. The Notice Program shall be completed no later than sixty (60) Days after the Notice Commencement Date (the "Notice Deadline").

39. <u>Requesting Exclusion</u>: Settlement Class Members may elect to exclude themselves from (i.e., "opt-out of") the Settlement, relinquishing their rights to benefits hereunder. The Notice shall include a procedure for Settlement Class Members to exclude themselves from the Settlement Class by notifying the Settlement Administrator in writing of the intent to exclude themselves from the Settlement Class. Settlement Class Members who opt-out of the Settlement will not release their claims pursuant to this Agreement. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written notification must include the individual's name and address; a statement clearly manifesting the individual's intent to be excluded from the Settlement Class; and the individual's signature. So-called "mass" or "class" opt-outs shall not be allowed, and the request for exclusion must be personally signed by the person

requesting exclusion; no other person may sign on behalf of the person seeking exclusion, including the person's attorney. The Settlement Administrator shall provide the Parties with copies of all opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.

40. Objections: The Notice shall include a procedure for Settlement Class Members to object to the Settlement and/or to Settlement Class Counsel's application for an Attorneys' Fees and Expenses Award. Any written objection to the Settlement must: (i) be submitted to the Court by filing the written objection through the Court's e-filing system, by mailing the written objection to the Clerk of Court, or by filing the written objection in person at any location of the Court; (ii) be mailed first-class postage prepaid to Settlement Class Counsel and Defendant's Counsel, and (iii) be filed and postmarked by no later than the Objection Deadline, as specified in the Notice. Any Settlement Class Member who does not timely and validly object to the Settlement shall be bound by the terms of the Settlement. For an objection to be considered by the Court, the objection must set forth:

a. the case name and number of the Action;

b. the objector's full name, address, e-mail address, and telephone number;

c. proof that the objector is a member of the Settlement Class;

d. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

e. all grounds for the objection, accompanied by any legal support for the objection and all documents that the objector intends to use to support the objection;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Award;

g. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

h. any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

i. a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k. a list of all cases (including the case name, court, and docket number) in which the objector and his/her counsel have filed an objection to any proposed class action settlement within the last three (3) years; and

l. the objector's signature on the written objection (an attorney's signature is not sufficient).

41. At least ten (10) Days prior to Settlement Class Representatives' deadline to file their motion seeking Final Approval of the Settlement, the Settlement Administrator shall provide Settlement Class Counsel and Defendant with one or more declarations confirming that the Notice Program was completed in accordance with the terms of this Agreement, the Parties' instructions, and the Court's approval, along with any other information reasonably requested by Settlement Class Counsel and Defendant. Settlement Class Counsel shall file such declaration(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for Final Approval of the Settlement.

## VII. PRELIMINARY APPROVAL

42. After execution of this Settlement Agreement, Settlement Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit E**, or an order substantially similar to such form, which:

a. Preliminarily certifies the Settlement Class for settlement purposes only;

b. Preliminarily approves this Agreement for purposes of issuing notice;

c. Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

d. Finds: (i) the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Illinois and the United States, the Constitution of the United States, and any other applicable law; and (ii) that no further notice to the Settlement Class is required beyond that provided through the Notice Program;

e. Appoints Plaintiffs as the Settlement Class Representatives for settlement purposes only;

f. Appoints Settlement Class Counsel as counsel to the Settlement Class for settlement purposes only;

g. Appoints the Settlement Administrator and directs the Settlement Administrator

to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

h. Approves the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

i. Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

j. Schedules an appropriate Opt-Out Deadline, Objection Deadline, and other Settlement-related dates and deadlines to be included in the Class Notice;

k. Schedules a Final Approval Hearing to consider whether the proposed Settlement should be finally approved by the Court;

l. Stays all proceedings in the Action other than those related to approval of the Settlement; and

m. Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

43. Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as **Exhibit E** and is otherwise consistent with this Agreement.

## VIII. TERMINATION

44. Defendant shall have the right, but not the obligation, to terminate this Settlement Agreement by providing written notice of its election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) Days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Settlement Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Settlement in any material respect; (iii) the Court's refusal to enter the Final Judgment in connection with the Settlement in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by an appellate court; or (v) the date upon which an Alternative Judgment, as defined herein, is modified or reversed in any material respect by an appellate court.

45. Defendant shall have the right, but not the obligation, in its sole discretion, to terminate the Settlement Agreement by providing written notice to Settlement Class Counsel within twenty-one (21) Days of one or more of the following events: (i) more than 1,700 members of the Settlement Class in total have timely and validly opted out of the Settlement Agreement; (ii) the Settlement Class Representatives and their agents or any other individuals operating at their

direction or in coordination with them, or Settlement Class Counsel, file or threaten to file additional lawsuits or arbitrations against the Released Parties related to the Released Claims at any time before the Effective Date; or (iii) more than 1,700 members of the Settlement Class in total file or threaten to file additional lawsuits or arbitrations against the Released Parties related to the Released Claims at any time before the Effective Date. The terms of this Paragraph notwithstanding, nothing in this Agreement is intended to limit Settlement Class Counsel's practice of law in any regard. The Settlement Administrator shall provide a list of the individuals who have opted out of the Settlement Agreement fourteen (14) days after the Opt Out Deadline.

## IX. FINAL APPROVAL HEARING, FINAL APPROVAL ORDER, AND JUDGMENT

46. Plaintiffs' motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. The Final Approval Hearing shall be scheduled no earlier than ninety (90) Days after the Notice Commencement Date.

47. By no later than fourteen (14) Days prior to the Objection Deadline, Settlement Class Counsel shall file an application for an Attorneys' Fees and Expenses Award and for Service Awards.

48. By no later than thirty (30) Days prior to the Final Approval Hearing, Plaintiffs shall file a motion for Final Approval of the Settlement.

49. By no later than seven (7) Days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of Final Approval of the Settlement and/or Settlement Class Counsel's application for an Attorneys' Fees and Expenses Award and for Service Awards.

50. At the Final Approval Hearing, the Court will consider the Settlement Class Representatives' motion for Final Approval of the Settlement, and Settlement Class Counsel's application for an Attorneys' Fees and Expenses Award and for Service Awards. At the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the application for an Attorneys' Fees and Expenses Award and for Service Awards, provided the objectors filed timely objections that meet all of the requirements listed in ¶ 40, *supra*.

51. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Order and Judgment granting final approval of the Settlement, and whether to approve Settlement Class Counsel's request for an Attorneys' Fees and Expenses Award and for Service Awards. The proposed Final Order and Judgment, in a form agreed upon by the Parties, shall, among other things:

a. Hold that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement; constitutes the best notice practicable under the circumstances; constitutes valid, due, and sufficient notice; and complies fully with the laws of Illinois and the United States, the United States Constitution, and any other applicable law;

b. Hold that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely Objections to this Settlement Agreement have been made or all timely Objections have been considered and denied;

c. Approve of the Settlement, as set forth in this Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the Settlement is in good faith, and ordering the Parties and Settlement Administrator to perform the Settlement in accordance with the terms of this Settlement Agreement;

d. Hold that neither the Final Approval Order and Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability or wrongdoing by the Released Parties;

e. Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, dismiss the Action with prejudice;

f. Find that Plaintiffs and all Settlement Class Members shall, as of the entry of the Final Approval Order and Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Parties from the Released Claims; and

g. Reserve exclusive and continuing jurisdiction over the Action and the Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any disputes that may arise with regard to the foregoing. The Court's exclusive and continuing jurisdiction over the Action and Parties shall include, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Parties pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law.

52. If and when the Settlement becomes Final, the Action shall be dismissed with prejudice, with the Parties to bear their own attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

## X. RELEASES

53. As of the Effective Date, the Releasing Parties, each on behalf of themselves individually and on behalf of their respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, of every nature and description, whether actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen (including "Unknown Claims," as defined below), regardless of legal or equitable theory, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, whether arising under federal, state, common, foreign, or any other law, rule, or regulation that Plaintiffs: (a) asserted in the Action, including without limitation Electronic Communications Privacy Act ("ECPA") as well as common law negligence and invasion of privacy claims; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, the allegations, transactions, facts, matters or occurrences, representations, events, disclosures, statements, representations, omissions, acts, or failures to act concerning, involved, set forth in, referred to in, or related to the Complaint, Action, or the Released Parties' alleged sharing of information about the Plaintiffs' and Settlement Class Members' use of any scheduling portals provided by the Released Parties to any third parties, including health information, and including claims that any such disclosure violated the ECPA, Health Insurance Portability and Accountability Act ("HIPAA"), and/or other consumer protection and privacy statutes (the "Released Claims"). Nothing in this Paragraph shall be construed to preclude any action brought to enforce this Agreement.

54. "Unknown Claims" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by them, might affect their agreement to release the Released Parties or the Released Claims or might affect their decision to agree, object, or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

55. Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined herein.

56. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, either directly, indirectly, representatively, or in any capacity, shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

## XI. ATTORNEYS' FEES AND SERVICE AWARD

57. Service Awards. Settlement Class Counsel will ask the Court to approve, and Defendant will not oppose, a Service Award not to exceed five thousand dollars ($5,000.00) for each Settlement Class Representative, intended to compensate them for their efforts in the litigation and commitment on behalf of the Settlement Class. The application for the Service Award will be filed no later than fourteen (14) Days prior to the Objection Deadline.

58. Payment of the Service Award. The Settlement Administrator will pay any Court-approved Service Awards from the Settlement Fund to Siri & Glimstad LLP's IOLTA account via wire transfer within thirty (30) Days of the Effective Date. After the Service Awards have been wired into this account, Settlement Class Counsel shall be solely responsible for allocating such Service Awards and issuing any documentation required for tax purposes, and Defendant and the Settlement Administrator shall have no responsibility for distribution of the Service Awards to the Settlement Class Representatives.

59. Attorneys' Fees and Expenses. Settlement Class Counsel will make their application for an Attorneys' Fees and Expenses Award no later than fourteen (14) Days prior to the Objection Deadline. Settlement Class Counsel agree not to seek an Attorneys' Fees and Expenses Award in excess of one-third of the Net Settlement Fund plus reasonable expenses and costs incurred to advance the Action, and in no event will Settlement Class Counsel be entitled to more than this amount.

60. Payment of the Attorneys' Fees and Expenses. The payment of the Attorneys' Fees and Expenses Award shall be made by the Settlement Administrator from the Settlement Fund via

wire to Siri & Glimstad LLP's designated bank account within thirty (30) Days of the Effective Date. After payment of Attorneys' Fees and Expenses have been wired into this account, Settlement Class Counsel shall be solely responsible for allocating the Attorneys' Fees and Expenses Award, and Defendant shall have no responsibility for distribution of the Attorneys' Fees and Expenses Award.

61. In the event the Court declines to approve, in whole or in part, the payment of Attorneys' Fees and Expenses or Service Award in the amounts that Settlement Class Counsel requests, the remaining provisions of this Agreement shall remain in full force and effect. The finality or effectiveness of the Settlement will not be dependent on the Court awarding to Settlement Class Counsel any particular amount on their application for an Attorneys' Fees and Expenses Award or to Settlement Class Representatives for their Service Awards, and shall not alter the Effective Date. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of Attorneys' Fees and Expenses or Service Award shall constitute grounds for cancellation of, termination of, or withdrawal from this Agreement.

## XII. MISCELLANEOUS

62. Recitals. The Parties agree that the recitals are contractual in nature and form a material part of this Agreement.

63. Singular and Plurals. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

64. Defendant Need Not Answer the Complaint & No Further Discovery. The Parties agree that Defendant need not answer the Complaint, that the Parties need not respond to any pending discovery requests, and that the Parties will not serve any further discovery on each other unless and until the Settlement Agreement is voided, terminated, or otherwise cancelled.

65. No Admission of Liability. Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

a. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Attorneys' Fees and Expenses Award (except as necessary for Settlement Class Counsel to make their

motion for their Attorneys' Fees and Expenses Award), or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b. is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them; or

c. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, or counterclaim.

66. Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

67. Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

68. Obligation to Meet and Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court in any such filing that they have consulted in good faith.

69. Extensions of Time. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

70. Integration. This Agreement (along with any Exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the

subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

71. No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

72. Advice of Counsel. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

73. Construction. This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

74. Governing Law. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Illinois, without regard to the principles thereof regarding choice of law.

75. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original.

76. Jurisdiction. The Court shall retain jurisdiction over the interpretation, implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

77. Notices. All notices to Settlement Class Counsel provided for herein shall be sent by overnight mail to:

Tyler J. Bean
Sonjay Singh
Siri & Glimstad LLP
745 Fifth Avenue Ste 500
New York, NY 10151

All notices to Dental Intelligence, Inc. provided for herein shall be sent by overnight mail and e-mail to:

David L. Yohai
Blake J. Steinberg
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

David R. Singh
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134

78. The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

79. Authority. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

80. No Construction Against Drafter. This Agreement shall be deemed to have been drafted by the Parties and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

81. Headings. The headings in this Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

82. No Waiver. Any waiver by a Party of a breach of this Agreement shall be limited to that breach and shall not constitute a waiver of any other breach, whether earlier or later.

83. No Assignment of Claims. Plaintiffs represent and warrant that they have not assigned, transferred, or otherwise conveyed any claim, right, or interest against any Released

Party to any other person or entity and that they are fully entitled to release those claims, rights, and interests under this Agreement.

84. Amendments. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

85. CAFA Notice. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials, notice of the proposed Settlement as required by law.

86. The Parties believe that this Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arm's-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, and intending to be legally bound hereby, have duly executed this Agreement.

AGREED TO AND ACCEPTED:

Sonjay Singh, Attorney for Plaintiffs and the Settlement Class — 9/23/26
Date

David L. Yohai, Attorney for Defendant Dental Intelligence, Inc. — 9/23/26
Date

SETTLEMENT TIMELINE

| | |
|---|---|
| Dental Intelligence provides the Class List to the Settlement Administrator | 10 Days after Preliminary Approval Order |
| Parties begin coordinating with Settlement Administrator to effectuate Notice | 10 Days after Preliminary Approval Order |
| Notice Commencement Date | 30 Days after Preliminary Approval Order |
| Defendant's payment of four hundred thousand dollars and zero cents ($400,000.00) into the Settlement Fund for the purpose of funding Settlement Administration and Notice Costs | 30 Days after Preliminary Approval Order |
| Notice Deadline | 60 Days after Notice Commencement Date |
| Objection Deadline | 60 Days after Notice Commencement Date |
| Opt-Out Deadline | 60 Days after Notice Commencement Date |
| Settlement Class Counsel's Motion for Attorneys' Fees and Expenses and Settlement Class Representatives' Service Awards | 14 Days Before Objection and Opt-Out Deadlines |
| Motion for Final Approval | 30 Days before Final Approval Hearing |
| Claim Deadline | 90 Days from Notice Commencement Date |
| Final Approval Hearing | At least 90 Days from Notice Commencement Date |
| Defendant's payment of remaining five million three hundred and fifty thousand dollars and zero cents ($5,350,000.00) into the Settlement Fund | 14 Days after Effective Date |
| Payment of Attorneys' Fees and Expenses and Settlement Class Representatives' Service Awards | 30 Days after Effective Date |
| Disbursement of Payments for Valid Claims | *As soon as practicable following Final Approval* |