**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VICTORIA GRIVETTI, JULIE BELL, and EQUILA JACKSON,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DENTAL INTELLIGENCE, INC.,**<br><br>Defendant. | Civil Action No. 1:25-cv-02464<br><br>Judge: Hon. Lindsay C. Jenkins |

## PRELIMINARY APPROVAL ORDER

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Victoria Grivetti, Julie Bell, and Equila Jackson and Defendant Dental Intelligence, Inc.[1] The Settlement Agreement with accompanying exhibits is attached as **Composite Exhibit No. 1** to the Counsel Declaration in Support of the Motion.

On March 7, 2025, Plaintiffs filed a class action complaint against Defendant. According to the Complaint, Defendant offers patient scheduling software (the "LocalMed Portal" or "Portal") that its dental clinic-clients install directly onto their clinic websites, allowing their patients to schedule, modify, and cancel appointments online. Plaintiffs allege that they utilized the LocalMed Portal to schedule appointments at their dental clinics for dental care. Plaintiffs further allege that they submitted information to Defendant using the LocalMed Portal, and that Google tracking and analytics software (the "Tracking Tools") was installed on the Portal.

[1] All capitalized terms herein shall have the same meanings as those defined in the Settlement Agreement.

Plaintiffs allege that they and each of the Class Members who used the Portal had the information they shared with the Portal disclosed, without their consent, to third parties, including Google. Defendant denies any wrongdoing.

Plaintiffs and Defendant, through their counsel, have entered into a Settlement following good faith, arm's-length negotiations and mediation with well-respected mediator, Marc E. Isserles. The Parties have agreed to settle this Action, pursuant to the terms of the Settlement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in the dismissal of the Action with prejudice.

Having reviewed the Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.

1. **Class Certification for Settlement Purposes Only:** For settlement purposes only and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court provisionally certifies a Settlement Class in this matter, defined as follows:

> **All natural persons in the United States who used the LocalMed Portal to schedule, modify, or re-schedule an appointment between March 2022 and June 2025 and whose Private Dental Information was allegedly disclosed or transmitted to Google or any other unauthorized third party. The Settlement Class specifically excludes: (i) the Released Parties; and (ii) the Court, Court personnel, and members of their immediate families.**

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class members; (d) Plaintiffs and Settlement Class Counsel will fairly and adequately protect the

interests of the Settlement Class as Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Plaintiffs predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Class Representatives and Settlement Class Counsel:** Victoria Grivetti, Julie Bell, and Equila Jackson are hereby provisionally designated and appointed as Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members and therefore will be adequate Class Representatives.

The Court also finds that Settlement Class Counsel are experienced and adequate counsel and are hereby provisionally designates Tyler J. Bean and Sonjay C. Singh of the law firm of Siri & Glimstad LLP as Settlement Class Counsel.

3. **Preliminary Settlement Approval:** Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate and within the range of possible judicial approval to warrant providing Notice of the Settlement to the Settlement Class, and accordingly, preliminarily approves the Settlement.

4. **Jurisdiction:** The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District, and Defendant conducts substantial business throughout this District.

5. **Final Approval Hearing:** A Final Approval Hearing shall be held on _______________, 2026, at ____ a.m./p.m. in the UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF ILLINOIS, or remotely if so set by the Court, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Rule 23; (c) the Action should be dismissed with prejudice pursuant to the terms of the Settlement; (d) Settlement Class Members should be bound by the releases set forth in the Agreement; and (e) the Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards should be granted. Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards shall be filed with the Court 45 days before the Final Approval Hearing. No later than 15 days before the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of Final Approval of the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards.

6. **Administration:** The Court appoints Simpluris as the Settlement Administrator, with responsibility for class Notice and claims administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement. All costs and expenses associated with providing notice to the Settlement Class including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement, shall be paid from the Settlement Fund.

7. **Notice to the Class:** The proposed Notice Program set forth in the Agreement, and the Claim Form, Long-Form Notice, Short-Form Notice, and Text Message Notice attached to the Agreement as **Exhibits A, B, C, and D** respectively, satisfy the requirements of Rule 23, provide the best notice practicable under the circumstances, and are hereby approved. The parties may agree to non-material modifications to these exhibits(including in ways that are appropriate to

update them for purposes of accuracy or formatting) without further order from the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Agreement. By 45 days following Preliminary Approval, the Settlement Administrator shall complete the Notice Program in the manner set forth in the Agreement.

8. **Findings and Conclusions Concerning Notice:** The Court finds that the form content, and method of giving notice to the Settlement Class as described in the Settlement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class members of the pendency of the action; the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object or opt-out from the proposed Settlement and other rights under the terms of the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class members and other persons entitled to receive notice. As such, the Court concludes that the Notice Program meets all applicable requirements of law and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action.

9. **Settlement Website:** The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before the Notice Commencement Date. The Settlement Website shall include the Settlement Agreement, the Preliminary Approval Order, the Long-Form Notice, the Claim Form, the Complaint, and any such other documents as Settlement Class Counsel

and Defendant agree or that the Court orders be posted on the Settlement Website.

10. **Exclusion from Class:** Each Settlement Class member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent in the manner established by the Settlement. The written notice must clearly manifest an intent to be excluded from the Settlement Class, as set forth in the Agreement. To be effective, written notice must be postmarked no later than 60 days after the commencement of Notice.

So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly opt-ed out of the Settlement Class, which Settlement Class Counsel will file with the Court no later than 7 days after the Opt-Out Deadline.

Any Settlement Class member who does not timely and validly opt-out of Settlement shall bound by the terms of the Settlement. If a Final Approval Order and Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid notice to opt-out of the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims and transactions released in the Settlement. All Settlement Class members who submit valid and timely notices to opt-out of the Settlement shall not be entitled to receive any benefits of the Settlement.

11. **Objections and Appearances:** A Settlement Class Member who complies with the

requirements of this paragraph may object to the Settlement or the Application for Attorneys' Fees, Costs, and Service Awards.

Each Settlement Class Member desiring to object shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the case name and number of the Action; (ii) the objector's full name, address, telephone number, and e-mail address; (iii) proof that the objector is a member of the Settlement Class (e.g., a copy of the notice they received); (iv) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (v) all grounds for the objection, accompanied by any legal support for the objection and all documents that the objector intends to use to support the objection; (vi) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Award; (vii) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (viii) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; (ix) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (x) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (xi) a list of all cases (including the case name, court, and docket number) in which the objector and his/her counsel have filed an objection to any proposed class action settlement within the last three (3) years; and (xii) the objector's signature on the written objection.

Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the

objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in the prior paragraph also shall be grounds for overruling an objection.

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court and contain the case name and docket number, no later than 60 days after the commencement of Notice and served concurrently therewith on Settlement Class Counsel and counsel for Defendant. Settlement Class Members who fail to file and timely serve written objections within the requirements of these paragraphs and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or that the Settlement should be given final approval by the Court.

Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid. Any Settlement Class Member who fails to comply with the requirements for objecting in the Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement or the Application for Attorneys' Fees, Costs, and Service Awards. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing. If the objecting Settlement Class Member intends to request the Court for permission to call witnesses at the Final

Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony by the Objection Deadline.

If a Final Approval Order and Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement or Application for Attorneys' Fees, Costs, and Service Awards.

12. **Claims Process and Distribution and Allocation Plan:** Settlement Class Counsel and Defendant have created a process for assessing and determining the validity and value of Claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in the Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Final Judgment are entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement, the Release included in that Settlement, and the Final Approval Order and Final Judgment.

13. **Termination of Settlement:** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement. In such event, the Agreement shall become null and void and be of no further force and effect.

14. **Use of Order, Settlement & Related Materials:** If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

a. the Settlement, including any provisions related to the award of attorneys' fees and costs, as well as findings entered in connection with the Settlement, may not be referred to or used as evidence or for any other purpose whatsoever in this action or any other action or proceeding, and shall not be admissible or discoverable in any other proceeding;

b. All negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this action or in any other action in any court or other proceeding;

c. Nothing in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law;

d. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the class notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating

to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence; and

e. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

15. **Stay and Bar of Other Proceedings:** Except as necessary to effectuate this Preliminary Approval Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Final Judgment, or until further order of this Court. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court also orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, individually, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, arbitration forum, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the claims released in the Settlement, including claims based on the alleged disclosure of information shared with the LocalMed Portal to third parties. Any person who knowingly violates

such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Party, and Settlement Class Counsel resulting from the violation.

16. **Continuance of Hearing:** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator and no further notice shall be required to the Settlement Class.

17. **Amendments:** The terms and provisions of the Settlement Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

18. **Reservation of Rights:** The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. Defendant also reserves its defenses to the merits of the of the claims asserted in the event the Settlement does not become final for any reason.

19. **CAFA Notice:** The Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), no later than fifteen (15) days following the Notice Commencement Date.

20. **Summary of Deadlines:** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Agreement and this Order include but are not limited to:

> **Notice Commencement Date:** October 27, 2026 (30 days following Preliminary Approval).
>
> **Motion for Final Approval and Application for Attorney's Fees, Costs, and Service Awards:** February 8, 2027 (45 days before the Final Approval Hearing).
>
> **Opt-Out Deadline:** December 28, 2026 (60 days following Notice Commencement Date).
>
> **Objection Deadline:** December 28, 2026 (60 days following Notice Commencement Date).
>
> **Replies in Support of Final Approval, Service Awards and Fee Requests:** March 10, 2027 (15 days before the Final Approval Hearing).
>
> **Claim Form Deadline:** January 25, 2027 (90 days following Notice Commencement Date).
>
> **Final Approval Hearing:** March 25, 2027.

**IT IS SO ORDERED** this 24th day of September 2026.

/s/____________________________
Hon. Lindsay C. Jenkins